WILLIAM V. GABRIELLE *v.* HOSPITAL OF
ST. RAPHAEL ET AL.
(11346)

LAVERY, LANDAU and HEIMAN, Js.

Argued November 1, 1993—decision released January 4, 1994

*Lawrence S. Dressler,* with whom, on the brief, was *Howard Lawrence,* for the appellant (plaintiff).

*Merton G. Gollaher, Jr.,* with whom, on the brief, was *Jeremy G. Zimmermann,* for the appellees (defendants).

HEIMAN, J. The plaintiff appeals from the summary judgment rendered in favor of the defendants.[1] The plaintiff asserts that the trial court improperly rendered the summary judgment because (1) by its action, the trial court, in effect, set aside the plaintiff's automatic ninety day extension of the statute of limitations that had been granted by the clerk, (2) the defendants should have been required to appeal from the granting of the ninety day extension of time, (3) it improperly found that the automatic extension of time does not provide an automatic suspension of the running of the statute of limitations, and (4) it refused to set aside the summary judgment rendered in favor of both defendants. We are unpersuaded by these claims and affirm the judgment of the trial court.

---

[1] The defendants are the Hospital of St. Raphael and physician Anthony Coppola. The trial court rendered summary judgment in favor of both defendants and the plaintiff appeals as to each.

The following facts are necessary to a proper resolution of this appeal. On April 26, 1989, the plaintiff was treated by the defendant physician, Anthony Coppola, at the defendant Hospital of St. Raphael for lacerations to his hand from a shattered glass bottle. He was seen by Coppola at the emergency facility of the defendant hospital.

By petition[2] dated May 24, 1991, a date after the two year period of limitations provided for in General Statutes § 52-584,[3] the plaintiff sought an automatic extension of the statute of limitations pursuant to General Statutes § 52-190a.[4] The petition itself alleged that

[2] The record reflects that the caption of the petition read: "WILLIAM GABRIELE vs. HOSPITAL OF ST. RAPHAEL, ET AL" The body of the petition, however, indicated that the plaintiff was about to "commence an action to recover damages against a Health Care Provider; to wit Yale New Haven Hospital and one of its staff physicians and one of its nurses." The defendants conceded at oral argument that they had notice of the petition.

[3] General Statutes § 52-584 provides in pertinent part: "No action to recover damages for injury to the person . . . caused by . . . malpractice of a physician, surgeon . . . hospital or sanitorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."

[4] General Statutes § 52-190a provides: "(a) No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant. For purposes of this section, such good faith may be shown to exist if the claimant or his attorney has received a written opinion, which shall not be subject to discovery by any party except for questioning the validity of the certificate, of a similar health care provider as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears

"[t]he statute of limitations would have run on April 26, 1991." The clerk of the Superior Court for the judicial district of New Haven granted the petition on July 11, 1991.

The writ, summons and complaint in this action were dated July 11, 1991, with a return day of August 20, 1991. The writ was served on an agent of the defendant hospital on July 12, 1991, and service was completed by in hand service on the defendant Coppola on July 23, 1991. Thus, the last service was made eighty-eight days after the expiration of the two year period of limitations.

The defendants filed an answer together with a special defense that asserted that the plaintiff's claims were barred by General Statutes § 52-584.[5] The plaintiff denied the allegations of the special defense. Upon the closing of the pleadings, the defendants filed a motion for summary judgment, the granting of which is the genesis of this appeal. The trial court held, as a matter of law, that the extension provided for in General Statutes § 52-190a (b) must be requested prior to

to be evidence of medical negligence. In addition to such written opinion, the court may consider other factors with regard to the existence of good faith. If the court determines after the completion of discovery, that such certificate was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court upon motion or upon its own initiative, shall impose upon the person who signed such certificate, a represented party or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. The court may also submit the matter to the appropriate authority for disciplinary review of the attorney if the claimant's attorney submitted the certificate.

"(b) Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods."

[5] See footnote 3.

the expiration of the statute of limitations. Since the petition for the extension was filed after the expiration of the statute of limitations, the trial court granted the defendants' motion for summary judgment. We agree and affirm the judgment of the trial court.

## I

Although the plaintiff appears to raise four separate issues on appeal,[6] three of these issues are merely variations on the same theme: a claim that the filing of a petition pursuant to General Statutes § 52-190a (b) revives an action already time barred by General Statutes § 52-584.[7]

We begin our analysis by stating the standard by which we review the decision of the trial court in granting a motion for summary judgment. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any

---

[6] The plaintiff, in his brief, set forth the following issues:

"(1) Did the trial court . . . commit reversible error in setting aside the plaintiff-appellant's automatic ninety-day extension which was granted by the court clerk on May 11, 1991 (sic) pursuant to Section 52-190a (b) of the Connecticut General Statutes?

"(2) Did the trial court . . . commit reversible error in ruling on the defendant-appellee's motion for summary judgment as the defendant's proper remedy was by way of appeal?

"(3) Did the trial court . . . commit reversible error in ruling that Section 52-190a does not provide for a ninety-day tolling period that automatically suspends the running of the applicable two year statute of limitations?

"(4) Did the trial court . . . commit reversible error in refusing to set aside summary judgment?"

[7] The three issues are: "(1) Did the trial court . . . commit reversible error in setting aside the plaintiff-appellant's automatic ninety-day extension which was granted by the court clerk on May 11, 1991 [sic] pursuant to Section 52-190a (b) of the Connecticut General Statutes?

"(2) Did the trial court . . . commit reversible error in ruling on the defendant-appellee's motion for summary judgment as the defendant's proper remedy was by way of appeal? and

"(3) Did the trial court . . . commit reversible error in ruling that Section 52-190a does not provide for a ninety-day tolling period that automatically suspends the running of the applicable two year statute of limitations?"

other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Scrapchansky* v. *Plainfield,* 226 Conn. 446, 450, 627 A.2d 1329 (1993); *Danziger* v. *Shaknaitis,* 33 Conn. App. 6, 9, 632 A.2d 1130 (1993). Although the burden of showing the nonexistence of any material fact is on the party seeking summary judgment, "the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) *Danziger* v. *Shaknaitis,* supra; *Nardi* v. *AA Electronic Security Engineering, Inc.,* 32 Conn. App. 205, 209, 628 A.2d 991 (1993); *Cortes* v. *Cotton,* 31 Conn. App. 569, 572–73, 626 A.2d 1306 (1993). In deciding motions for summary judgment, the trial court is obligated to construe the evidence in the light most favorable to the nonmoving party. *Scrapchansky* v. *Plainfield,* supra; *Nardi* v. *AA Electronic Security Engineering, Inc.,* supra. The test to be applied is whether a party would be entitled to a directed verdict on the same facts. *Danziger* v. *Shaknaitis,* supra, 10; *Cortes* v. *Cotton,* supra.

The plaintiff argues that § 52-190a (b) automatically generates a stay upon the filing of a petition. He further claims that even where such petition is filed subsequent to the expiration of the statute of limitations, the filing of the petition has the effect of reviving an action that is already time barred by the failure to commence suit within the period of limitations. We are not persuaded.

The general purpose of § 52-190a "is to discourage the filing of baseless lawsuits against health care providers." *LeConche* v. *Elligers,* 215 Conn. 701, 710, 579 A.2d 1 (1990); *Yale University School of Medicine* v. *McCarthy,* 26 Conn. App. 497, 502, 602 A.2d 1040

(1992). The lack of a certificate of good faith is not a jurisdictional defect and thus does not deprive the court of subject matter jurisdiction. *LeConche* v. *Elligers,* supra, 713. Our cases explain that the failure to attach a certificate of good faith pursuant to § 52-190a subjects the case to a motion to strike the complaint pursuant to Practice Book § 152 (1)[8] for failure to state a claim upon which relief can be granted, but that the defect is curable by a timely amendment filed pursuant to Practice Book § 157[9] or Practice Book § 175.[10] Id., 711; *Yale University School of Medicine* v. *McCarthy,* supra. Thus, the requirement of filing a certificate does not mandate that the statute of limitations for malpractice actions be treated different from other statutes of limitations.

Statutes of limitations are statutes of repose and are designed to ''(1) prevent the unexpected enforcement of stale and fraudulent claims by allowing persons after the lapse of a reasonable time, to plan their affairs with a reasonable degree of certainty, free from the disruptive burden of protracted and unknown potential liability, and (2) to aid in the search for truth that may be impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, dis-

---

[8] Practice Book § 152 provides in pertinent part: ''Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof.''

[9] Practice Book § 157 provides: ''Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the court may upon motion enter judgment against said party on said stricken complaint, counterclaim or cross complaint.''

[10] Practice Book § 175 provides: ''The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day.''

appearance of documents or otherwise." *Ecker* v. *West Hartford,* 205 Conn. 219, 240, 530 A.2d 1056 (1987); *Wynn* v. *Metropolitan Property & Casualty Ins. Co.,* 30 Conn. App. 803, 808–809, 623 A.2d 66, cert. granted, 226 Conn. 907, 625 A.2d 1379 (1993). A statute of limitations normally acts as a bar to a remedy otherwise available. *Ecker* v. *West Hartford,* supra, 232. Given the rationale for enactment of statutes of limitations, the legislature may even enact a statute that may, on occasion, bar an action before the cause of action accrues. *Zapata* v. *Burns,* 207 Conn. 496, 509, 542 A.2d 700 (1988). Statutes of limitations are legislative enactments that "prescribe the periods within which actions may be brought upon certain claims or within which certain rights may be enforced." *Bridgeport* v. *Debek,* 210 Conn. 175, 184, 554 A.2d 728 (1989).

Section 52-584 mandates that no action to recover for the alleged malpractice of a hospital or physician shall be brought but within two years from the date when the injury is first sustained or discovered, except under certain circumstances where the time may be enlarged. Failure to bring suit within the period of limitations bars the action. See *Burns* v. *Hartford Hospital,* 192 Conn. 451, 460, 472 A.2d 1257 (1984). The General Assembly in enacting § 52-584 has ordained that one must assert an action in malpractice within two years or be barred. Id. On the face of the pleadings, including the petition filed under § 52-190a (b), the plaintiff failed to meet the requirements of the statute of limitations.

Nothing in the language of § 52-190a (b) supports a claim that the General Assembly intended to permit the use of a late filed petition for an automatic extension as a vehicle to revive an already expired statute of limitations. To reach such a result would require that we torture the clear language of both statutes. We have often stated that in the field of statutory interpreta-

tion, "[t]he law favors rational and sensible statutory construction." *Lundgren* v. *Stratford,* 12 Conn. App. 138, 146, 530 A.2d 183, cert. denied, 205 Conn. 808, 532 A.2d 76 (1987). "When two constructions are possible, courts will adopt the one which makes the [statute] effective and workable, and not one which leads to difficult and possibly bizarre results." Id., quoting *Muller* v. *Town Plan & Zoning Commission,* 145 Conn. 325, 331, 142 A.2d 524 (1958). Further, "[i]n analyzing the plain language [of the statute] the terms must be interpreted according to their ordinary meaning unless their context dictates otherwise." *Nichols* v. *Warren,* 209 Conn. 191, 196, 550 A.2d 309 (1988).

Our case law, in interpreting statutes of limitations, has consistently held that failure to bring an action within the time limitation bars the cause of action. See, e.g., *Bridgeport* v. *Debek,* supra; *Burns* v. *Hartford Hospital,* supra. "In the interpretation of a statute, a radical departure from an established policy cannot be implied. It must be expressed in unequivocal language." *United Technologies Corp.* v. *Groppo,* 220 Conn. 665, 680, 600 A.2d 1350 (1991); *Nor'easter Group, Inc.* v. *Colossale Concrete, Inc.,* 207 Conn. 468, 481, 542 A.2d 692 (1988). To adopt the interpretation of § 52-190a (b) urged upon us by the plaintiff would constitute a substantial and radical departure from the legislative mandate of creating a finality to causes of action. See *Zapata* v. *Burns,* supra, 508. Nothing in the language of General Statutes § 52-190a indicates that the General Assembly intended to extend or in any way to affect the applicable statute of limitations. See *Pacelli Bros. Transportation, Inc.* v. *Pacelli,* 189 Conn. 401, 412, 456 A.2d 325 (1983).

The plaintiff's claim that § 52-190a permitted a revival of an already expired statute of limitations is thus without merit.

## II

We next turn to the only claim of the plaintiff not subsumed by our discussion under part I, the claim that the trial court improperly denied the motion of the plaintiff to set aside the summary judgment. We are unpersuaded.

Certain additional facts are pertinent to a proper resolution of this claim. On July 6, 1992, the plaintiff filed a "Motion To Set Aside Judgment." In the motion, the plaintiff, for the first time, claimed that counsel had recently been advised that the plaintiff "had not discovered that he had an actionable claim until after the date of June 1, 1989." He then claimed that the statute would thus not have expired until "(at the earliest) on the date of June 1, 1991." The affidavit attached to the motion made the bare assertion by the plaintiff that "I had not discovered that my injuries, losses and damages were caused by the negligence and carelessness of the defendant Anthony Coppola, M.D. until after the date of June 1, 1989." The trial court denied the motion to set aside the judgment.

We first note that we are unpersuaded that the fact that the plaintiff may have discovered the existence of the cause of action after June, 1989, was newly discovered evidence as that term is technically used and understood. For evidence to be newly discovered, it must be of such a nature that could not have been earlier discovered by the exercise of due diligence. *Asherman* v. *State*, 202 Conn. 429, 435, 521 A.2d 578 (1987); *Kubeck* v. *Foremost Foods Co.*, 190 Conn. 667, 670, 461 A.2d 1380 (1983). Thus, the simple allegations of the motion that the plaintiff did not actually discover the damages failed to establish that the plaintiff's evidence was in fact "newly discovered."

The decision to open or set aside judgments pursuant to Practice Book § 326 is left to the discretion of the trial judge. *Jaconski* v. *AMF, Inc.,* 208 Conn. 230, 237–38, 543 A.2d 728 (1988). Our review is thus limited to determining whether the trial court has abused its discretion in denying the motion to open or set aside the judgment. Id., 238.

Our review of the record indicates that the trial court acted well within its discretion in denying the plaintiff's motion to set aside the judgment since the plaintiff failed to allege a reason upon which the court could reasonably act.

The judgment is affirmed.

In this opinion the other judges concurred.