[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S OBJECTION TO BILL OF COSTS (130) AND APPEAL OF TAXATION OF COSTS (131) CT Page 511
Exhibit A attached hereto is a copy of the defendants' offer of judgment dated September 8, 1992 and filed September 14, 1992, offering to settle this case and to stipulate to judgment in the amount of $175,000.00.
There is no factual dispute involved in that the parties stipulated on February 23, 1992 that the
 "Case shall proceed before" . . . "a Trial Referee" and that exhibit A was filed "before any evidence (was) offered at the trial."
It cannot be disputed that "the defendant offers to settle and stipulate to judgment in the amount of $175,000.00."
This document was created by: "the Defendants,
 By Joseph B. Curran Kennedy Woodbridge Their Attorneys"
The certification by Joseph B. Curran on September 8, 1992 meets the mandate of P.B. 122.
It is also undisputed that Exhibit A has confused citations as follows:
52-102a refers to "offer of judgment by plaintiff" as does P.B. 246 et sec. [seq.]
Proper citations are 52-193 entitled "Offer of judgment by defendant" and P.B. 342 et sec. [seq.]
Plaintiff maintains that he is "uncertain and doubtful" about the intentions of the defendants because Exhibit A is "susceptible of multiple interpretations." (ambiguous: the American Heritage Dictionary). The decision in this case is to determine the clear intent of the defendants in the use of the particular phrases and words used and citations in question as evidenced by the surrounding circumstances and in view of certain presumptions of intent based on the posture of the parties as plaintiff and defendants. The court cannot find any factual contradiction. CT Page 512
 "When two constructions are possible, courts will adopt the one which makes the (statutes) effective and workable, and not one which leads to difficult and possibly bizarre results." Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378, 386 (1994)
Had plaintiff's jury award exceeded the offer of judgment of $175,000.00 with interest from its date plaintiff would no doubt seek and be entitled to statutory costs.
Since the jury award did not exceed the sum named in the offer of judgment with interest from its date, the plaintiff under 195(b) and P.B. 344
 "shall recover no costs accruing after he receives notice of the filing of such offer, but shall pay the defendant's cost occurring after he receives notice." . . .
Practice Book 108 and 109 and Buckman v. People Express Inc., 205 Conn. 166, 173 (1987) support the court's finding and conclusion that Exhibit A clearly "fairly apprises" the plaintiff of the offer to settle by the defendants in the amount of $175,000.00. The plaintiff did not file a pleading addressing the offer in judgment that was on file for about five months before the start of trial. This ambiguity was "patent" i.e. "obvious, plain," and appeared on the face of the document.
Under these circumstances, the plaintiff is not entitled to any benefit by attaching the sufficiency of Exhibit A as filed.
The plaintiff has failed to substantiate his claims that he was mislead or prejudiced by Exhibit A.
The provisions of 52-193 and P.B. 342 govern the facts of this case.
Defendants' objection to Bill of Costs is sustained (130).
Defendants' Appeal of Taxation of Costs is sustained (131).
John N. Reynolds State Trial Referee CT Page 513
Exhibit A.
NO. CV 89 0282527 S SUPERIOR COURT LAWRENCE LEVY J.D. OF NEW HAVEN vs. AT NEW HAVEN CONNECTICUT GENERAL LIFE CASUALTY INSURANCE CO., ET AL SEPTEMBER 8, 1992
OFFER OF JUDGMENT
Pursuant to CGS 52-192a and Connecticut Practice Book 346, et seq., the defendant offers to settle the above action and to stipulate to judgment in the amount of $175,000.00.
THE DEFENDANTS,
 By ___________________________ Joseph B. Curran KENNEDY WOODBRIDGE Their Attorneys
THIS IS TO CERTIFY, That a copy of the foregoing was mailed to all counsel of record on September 8, 1992.
 ---------------------- Joseph B. Curran