[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This cause of action arises as a result of a litany of litigation surrounding the purchase of a parcel of land, known as the Manager Parcel, by the plaintiffs, Loren J. Andreo and Frank Tornaquinici (Andreo) that occurred in January of 1992. According to the complaint, the defendants, John A. Sakon, Expressway Associates IV and Danny M. Smolnick (Sakon) were also interested in purchasing Manager Parcel and commenced a civil action against Andreo on February 5, 1992. The complaint alleged interference with Sakon's business expectations, violations of the Connecticut Anti-Trust Act, Connecticut General Statutes § 35-24, etseq., and violations of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110a, et esq., based upon Andreo's conduct in connection with the purchase. On CT Page 4728 December 10, 1993, the court, on its own motion, dismissed this action for dormancy. On December 17, 1993, Sakon reinstituted the suit adding additional parties and claims with new counsel. On November 4, 1994, Sakon filed a federal action which is now pending. The state action was subsequently withdrawn by Sakon on December 12, 1994. In response to Sakon's action, Andreo brought the present action. In a twenty-count complaint, Andreo alleges vexatious suit, abuse of process and violations of CUTPA stemming from the filing of the underlying action. On January 19, 1996, Sakon filed a Motion for Summary Judgment with a memorandum of law in support. On March 8, 1996, Andreo filed a memorandum in opposition.
Practice Book § 384 provides that summary judgment, "shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105 (1994). In deciding such a motion, the court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank Trust Co. v. Carriage LaneAssociate, 219 Conn. 772, 780-81, 595 A.2d 334 (1991). The test to be applied by the court is whether, on the same facts, a party would be entitled to a directed verdict. Gabrielle v. Hospital ofSt. Raphael, 33 Conn. App. 378, 382-83, 635 A.2d 1232, cert. denied, 228 Conn. 928 (1994). The "party seeking summary judgment has the burden of showing the nonexistence of any material fact."(Citation omitted; internal quotation marks omitted.)Connecticut Bank Trust Co. v. Carriage Lane Associates, supra,219 Conn. 781. A material fact is one that will make a difference in the result of a case. Hammer v. Lumbermen's Mutual CasualtyCo., 214 Conn. 573, 578, 573 A.2d 699 (1990). "[T]he party opposing [summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. Dickmont Plastics Corp., supra,229 Conn. 105.
Sakon argues that Andreo's action must fail because reliance on the advice of counsel is an absolute defense to an action of vexatious suit. See Brodrib v. Doberstein, 107 Conn. 294 (1928);DeLaurentis v. City of New Haven, 220 Conn. 225, 597 A.2d 807
(1991); Vandersluis v. Weil, 176 Conn. 353, 407 A.2d 982 (1978) and Mulligan v. Rioux, 229 Conn. 716 (1994). He argues that his reliance on the advice of his attorney after providing his attorney, Smolnik, with a full and fair statement of all the CT Page 4729 facts within his knowledge or which he was charged with knowing constitutes resolution of the material facts of this case. Andreo, however, alleges facts in opposition which suggest that Sakon did not provide a full and fair statement of the facts to his attorney and, in fact, provided information which he knew or should have known to be false and misleading. A party's motion for summary judgment is "properly granted if it raises at least one legally sufficient defense that would bar the [opposing party's] claim and involves no triable issue of fact." Perille v.Raybestos-Manhattan-Europe, Inc., 196 Conn., 529, 543, 494, A.2d 555 (1985). There is a triable issue of fact as to whether or not Sakon provided a full and fair statement to his attorney in the instigation of the underlying action.[1]
Both parties discussed in supplemental memoranda the court's holding in DeLaurentis v. New Haven, supra, 220 Conn. 225 as it applies to termination requirements. In DeLaurentis, the court analyzed the "three approaches to the "termination" requirement. The first, and most rigid, requires that the action have gone to judgment resulting in a verdict of . . . no liability in the civil context. The second permits a vexatious suit action even if the underlying action was merely withdrawn so long as the plaintiff can demonstrate that the withdrawal took place under circumstances creating an inference that the plaintiff was . . . not liable in the civil context. Th The third approach, while nominally adhering to the "favorable termination" requirement, in the sense that any outcome other than a finding of guilt or liability is favorable to the accused party, permits a malicious prosecution or vexatious suit action whenever the underlying proceeding was abandoned or withdrawn without consideration, that is, withdrawn without either a plea bargain or a settlement favoring the party originating the action." Id., 250. The court concluded that it "[has] never required a plaintiff in a vexatious suit action to prove a favorable termination either by pointing to an adjudication on the merits in his favor or by showing affirmatively that the circumstances of the termination indicated his innocence or nonliability, so long as the proceeding has terminated without consideration." Id., 251.
Based on the facts of this case, the court is persuaded by Andreo's argument and finds that the dismissal of the first state action for dormancy without consideration was a termination in the plaintiff's favor. Further the court is persuaded that the pending federal action is separate and apart from the state claims and thus, does not revive the dismissed state action. CT Page 4730
Accordingly, the defendants' motion for summary judgment is denied as genuine issues of material fact exist that can not be decided as a matter of law.