[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 14, 1996
On December 28, 1995, the plaintiff, Dolores Morgan, filed a two-count complaint alleging medical malpractice against the defendants, James T. Kauders, M.D., Women's Medical Group, P.C. and Planned Parenthood of Connecticut, Inc.[1] The plaintiff alleges in the first count that the defendants Kauders and Women's Medical Group committed medical malpractice in providing services to her during her pregnancy and in the delivery of her baby. In the second count, the plaintiff alleges that Planned Parenthood committed medical malpractice in treating her for post-delivery complications. On January 16, 1996, the plaintiff filed a certificate of reasonable inquiry. CT Page 5007
On April 12, 1996, the defendants Women's Medical Group and Kauders filed a motion to strike the plaintiff's complaint and supporting memorandum of law on the grounds that the plaintiff failed to file a certificate of good faith as is required by General Statutes § 52-190a and that the certificate of good faith was defective as it failed to state that a pre-complaint inquiry was conducted. On April 17, 1996, the defendant Planned Parenthood of Connecticut, Inc. filed its own motion to strike, incorporating the other defendants' memorandum of law in support of its motion.
General Statutes § 52-190a provides that "[n]o civil action shall be filed to recover damages resulting from personal injury or wrongful death . . . in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate . . . of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant . . ."
"The general purpose of § 52-190a is to discourage the filing of baseless lawsuits against health care providers. . . Our cases explain that the failure to attach a certificate of good faith pursuant to § 52-190a subjects the case to a motion to strike the complaint pursuant to Practice Book § 152(1) for failure to state a claim upon which relief can be granted, but that the defect is curable by a timely amendment filed pursuant to Practice Book § 157 or Practice Book § 175." (Citations omitted; footnotes omitted; internal quotation marks omitted.) Gabrielle v. Hospital of St. Raphael,33 Conn. App. 378, 383-84, 635 A.2d 1232 (1994). Practice Book § 175 provides that "[t]he plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs during the first thirty days after the return day."
"The requirement of [a good faith] certificate is to insure that no such action be filed unless the attorney filing the action has made such inquiry and arrived at such a good faith CT Page 5008 belief. Although the statute requires the filing of such a certificate with the complaint or initial pleading, the Supreme Court has very recently indicated that its absence does not deprive the Court of jurisdiction and that a motion to amend may be granted to rectify the omission." Mancini v. St. Mary'sHospital, Superior Court, judicial district of Waterbury, Docket No. 87335, 2 CONN. L. RPTR. 162 (August 2, 1991) (McDonald, J.), citing LeConche v. Elligers, 215 Conn. 701, 715, 579 A.2d 1
(1990). Although the plaintiff did not formally amend her complaint pursuant to Practice Book § 175, she received an extension of the statute of limitations, properly served the defendants within the period of the extension, and subsequently filed the good faith certificate as an amendment to the complaint.
The defendants also contend that the complaint should be stricken because the plaintiff did not allege in her good faith certificate that the inquiry occurred pre-complaint. The plaintiff applied for an extension for the filing of her complaint in order to make the required reasonable inquiry. The application states in part that the "[p]laintiff's attorney is in the process of conducting a reasonable inquiry . . ." Although the good faith certificate does not explicitly state that the inquiry was precomplaint, the court must construe "the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994).
Accordingly, the defendants' motions to strike are denied.
Ballen, J.