[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff alleges that it caused a bank execution to be issued in the matter of L. Suzio Concrete Co., Inc. v. Mark Fishkind, Docket No. CV92-0332339S. The execution itself indicated damages in the amount of $14,242.73, plus costs of $378.64 for "total unpaid damages and costs" of $14,621.37. At the time the execution was served by the sheriff, Fishkind's account had a balance of $17,593.70. A hold was placed on the account, which was debited in the amount of $14,621.37. The bank notified Fishkind, who submitted an exemption claim form to the court. The court denied the exemption, and the bank then sent a treasurer's check to the sheriff in the amount of $14,621.37.
The plaintiff claims, however, that the sheriff also presented a demand statement to the bank seeking the amount of $18,877.86, which amount included the sheriffs fees and interest on the execution amount. The plaintiff therefore seeks, in the first count of this complaint, the difference between the $14,621.37 remitted to the sheriff and the $17,593.70 which was actually in the account at the time the execution was served.
The defendant bank seeks summary judgment only as to the plaintiff's second count, which claims a violation of the CT Page 8686 Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes Section 42a-110 et seq. It also seeks to strike the claim for attorney's fees pursuant to General Statutes Section 42-400c, based on its contention that this proceeding is not one for which attorney's fees may be awarded under this particular statute.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can be warrantably inferred." United Oil Co. v.Urban Development Commission, 158 Conn. 364, 378-79, 260 A.2d 596
(1969). "In deciding motions for summary judgment, the trial court is obliged to construe the evidence in the light most favorable to the nonmoving party. . . .The test to be applied would be whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal quotation marks omitted.) Gabrielle v. Hospital of St. Raphael,33 Conn. App. 378, 382-83, 635 A.2d 1232, cert. denied, 228 Conn. 928,640 A.2d 115 (1994). "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion. . . ." Ciarelli v. Romeo,46 Conn. App. 277, 282, 699 A.2d 217 (1997); see also Mullen v. Horton,46 Conn. App. 759, 763, 700 A.2d 1377 (1997) (directed verdict rendered only where, on the evidence viewed in light most favorable to nonmovant, trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed).
The defendant does not admit that it was actually served with a sheriff's demand statement which included the claim for the sheriff's fee and unpaid interest for a total of $18,877.86. Technically, therefore, that issue is in dispute. Nevertheless, the defendant is willing to stipulate that, for purposes of resolving the present motion for summary judgment, that allegation is not in dispute. It simply contends that even if the bank was presented with such a demand and mishandled the matter, this single event does not rise to the level of a CUTPA violation. Moreover, the only essential difference between the first count and the CUTPA count is that the plaintiff made CT Page 8687 additional demands for payment of the difference between the $14,621.37 stated in the execution and the $17,593.70 in the account, and that the failure to remit the full amount and/or the failure to respond to additional requests to remit the difference were "unfair or deceptive acts or practices", resulting in the plaintiff's suffering of an ascertainable loss.
In determining whether an act constitutes a violation of CUTPA, our Supreme Court has adopted the criteria of the so-called "cigarette rule" employed by the Federal Trade Commission.Williams Ford, Inc. v. Hartford Curant Co., 232 Conn. 559, 591
(1995). The cigarette rule comprises three prongs: (1) whether the act or practice offends public policy as found in the common law, statutes or other established concept of unfairness; (2) whether the act is immoral, unethical, oppressive or unscrupulous; (3) whether the act causes substantial injury to consumers. Other than its bald allegation that the bank's practice was "unfair and deceptive", the plaintiff has offered the court no factual basis for concluding that the acts or omissions complained of amounted to anything more than a simple act of negligence. There is no evidence of offense to public policy, immorality, unscrupulousness or the like. Although there is clearly an allegation of injury to this particular consumer, the plaintiff has presented no evidence of a general practice that causes substantial injury to consumers generally. This was not an unfair trade practice within the meaning of our law. See also Normand Joseph Enterprises v. Connecticut National Bank,230 Conn. 486, 524-525 (1994).
As to whether a single act, as alleged here, is sufficient to constitute a violation of CUTPA, there is a well documented split of authority among the judges of the Superior Court. There are many circumstances under which a single act should not form the basis of a CUTPA violation. See, e.g., Morgan v. Tolland CountyHealthcare, Inc., Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 469204 (February 9, 1996, Handy, J). Where, however, the single act complained of is alleged to have been committed by a business person in the course of a transaction which was a part of his or her business, this court agrees with the majority of trial courts that such an act may form a basis of a CUTPA claim. See Crescenzo v. Camarota, Judicial District of New Haven at New Haven, Docket No. CV97-0396433 (June 9, 1997, Silbert J.) Ct. Sup. 6200, 19 CLR 611.
The motion for summary, judgment in favor of the defendant as CT Page 8688 to the second count is granted, not because it alleges only a single act, but because that act, as a matter of law, does not rise to the level of a CUTPA violation.
As to the claim for attorney's fees pursuant to General Statutes Section 52-400c, that section provides:
. . . in the discretion of the court, a reasonable attorney's fee may be allowed to the prevailing party (1) for counsel at any contempt hearing, reasonable and necessary for the enforcement of a court order, pursuant to section 52-256b, (2) for counsel at any discovery hearing reasonable and necessary for the enforcement of disclosure rights, (3) for counsel at any other hearing that is reasonable and necessary for the enforcement of rights pursuant to a postjudgment procedure
that is held on a claim or defense that court determines was made for the purpose of harassment or solely for the purpose of delay. (Emphasis added).
It is apparent that this statute allows for the recovery of attorney's fees, in the discretion of the court, in connection with certain aspects of the post — judgment phase of a lawsuit. There is no authority for its use to support a claim for attorney's fees in connection with a plaintiff's case in chief, as the plaintiff proposes to do here. The defendant is entitled to summary judgment as a matter of law as to the claim for attorney's fees pursuant to this statutory subsection.
The Motion for Summary Judgment is therefore granted in its entirety.
Jonathan E. Silbert, Judge