[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is a declaratory judgment action brought by the plaintiff, Allstate Insurance Company (Allstate), against the defendants Charles Slimskey, and Jason Higney, PPA Gerald Higney (the latter being a party by virtue of Practice Book § 17-55
(4)).[1] Allstate seeks a declaratory judgment that it owes no duty to defend and indemnify Slimskey in the separate pending action, Higney v. Slimskey, Superior Court, judicial district of Hartford New Britain at New Britain, Docket No. 471695. Between May 11, 1992 and May 11, 1994, Allstate insured the defendant Slimskey under a homeowners insurance policy ("the policy"). During those years, Jason Higney (minor), was a minor.
On or about January 22, 1996, the minor, through his father, commenced a civil action ("the underlying action"), against Slimskey alleging a heinous course of sexual abuse. "[B]etween the years 1991 through 1994, on several occasions, Slimskey performed sexual acts in the presence of the [minor], CT Page 3243 participated in various sexual acts with the [minor] and introduced the minor to lewd and lascivious pornographic materials, causing the [minor] to sustain and suffer personal injuries and losses." (Minor's Cmplt ¶ 1.) Consequently, in the underlying action, the minor sought damages for, respectively: (1) assault and battery; (2) recklessness (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; and (5) negligent failure to seek "psychiatric and sexual counsel when [Slimskey] knew or should have known that such counseling was necessary to prevent injuries to [the minor]." (Pl.'s Mot. Summ. J., Exhibit A.)
On March 8, 1996, Allstate issued a reservation of rights letter to Slimskey, in which it reserved its rights to indemnify and defend Slimskey in the underlying action. Specifically, in reserving its rights, Allstate referenced certain provisions in its policy with Slimskey that excluded coverage for intentional and criminal acts, as well as an exclusion for coverage concerning "accidents."
During this same period of time, Slimskey was arrested and charged with the crimes of sexual assault in the second degree pursuant to General Statutes § 53a-71, and risk of injury to a minor pursuant to General Statutes § 53a-21. Following a trial by jury, Slimskey was convicted on one count of sexual assault in the second degree, and two counts of risk of injury to a minor. (Parties' Stipulation of Facts.) Slimskey is currently appealing his convictions.
Presently before the court is Allstate's motion for summary judgment with respect to whether it owes a duty to defend or indemnify Slimskey in the underlying action, which is opposed by the defendant Higney, PPA.[2]
Allstate argues in support of its motion for summary judgment that it has no duty to defend or indemnify Slimskey in the underlying action because of certain coverage exclusions contained within the policy. Allstate claims that the policy at Section II Family Liability Protection, provides coverage for "accidents" only and specifically excludes "any bodily injury . . . expected to result from the intentional or criminal acts of an insured person or . . . intended by an insured person."(Pl. Mot. Summ. J., Exhibit B) Therefore, since the underlying complaint clearly alleges a course of conduct that was intentional in nature, i.e., the sexual abuse of the minor CT Page 3244 plaintiff (Pl.'s Mem. Supp. p. 13), there is no duty on the part of Allstate to defend or indemnify Slimskey.[3]
Specifically, Allstate argues that because the factual allegations of the underlying complaint concern sexual acts of molestation of a minor, an intent to injure the minor on the part of the actor is presumed as a matter of law; see United StatesAutomobile Assoc. v. Marburg, 46 Conn. App. 99, 698 A.2d 914
(1997); and regardless of whether the claims in the underlying complaint sound in negligence, recklessness or intent, the law presumes that Slimskey intentionally injured the minor plaintiff. Therefore the "intentional conduct" coverage exclusion in the policy is applicable.
With respect to the plaintiff's argument concerning theMarburg doctrine of presumption of intent the defendant argues that a Marburg analysis would be premature in this action because Slimskey's state of mind has yet to be determined through either depositions or expert testimony at trial. (Def.'s Mem. Opp. p. 16.) Thus, it claims that genuine issues of material fact exist as to whether Slimskey intended to harm the minor, and the motion for summary judgment must be denied.
Alternatively, the defendant argues that the fifth count of the underlying complaint, as opposed to the first four counts, does not allege any "direct acts" of sexual molestation on the part of Slimskey. (Def.'s Mem. Opp. p. 12.) Therefore, the Marburg
presumption of intent is inapplicable with respect to that count of the underlying complaint, and the plaintiff must defend and indemnify Slimskey as to same.
"Practice Book § [17-49] provides that rendition of a summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Millerv. United Technologies Corp., 233 Conn. 732, 755-52, 660 A.2d 810
(1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). The genuine issue aspect of summary judgment procedure requires that, prior to trial, the parties provide the court with evidentiary facts, or substantial evidence outside of the pleadings from which the CT Page 3245 material facts alleged in the pleadings can be inferred. Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-79,573 A.2d 699 (1990); United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 378-79, 260 A.2d 596 (1969). "In deciding motions for summary judgment, the trial court is obliged to construe the evidence in the light most favorable to the nonmoving party. . . . The test to be applied would be whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal quotation marks omitted.) Gabriellev. Hospital of St. Raphael, 33 Conn. App. 378, 382-83,635 A.2d 1232, cert. denied, 228 Conn. 928, 640 A.2d 115 (1994). "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion. . . ." Ciarelli v. Romeo, 46 Conn. App. 277, 282,699 A.2d 217, cert. denied, 243 Conn. 929, 701 A.2d 651 (1997); see also Mullen v. Horton, 46 Conn. App. 759, 763, 700 A.2d 1377 (1997) (directed verdict rendered only where, on the evidence viewed in light most favorable to nonmovant, trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed).
 I. Counts One Through Four
Although the parties have raised numerous arguments, both in support and in opposition to the motion for summary judgment, the court finds the decision in United Services Automobile Assn. v.Marburg, supra, 46 Conn. App. 99, to be dispositive and controlling here.
In United Services Automobile Assn. v. Marburg, supra, the plaintiff insurer sought a declaratory judgment that, pursuant to a contract of homeowners insurance with its insured, it had no duty to defend or to indemnify the insured in an underlying action. The underlying action was brought by a minor plaintiff, through his mother, as a result of the insured's sexual abuse of the minor on numerous occasions. United Services Automobile Assn.v. Marburg, supra, 46 Conn. App. 101-02. The Connecticut Appellate Court, in affirming the trial court's granting of summary judgment in favor of the insurer, held that under the doctrine of presumptive intent, in cases concerning the sexual molestation of a minor, the court will presume that the insured intended to cause the minor plaintiff harm as a matter of law. Id., 110. Therefore, since the insurance policy issued to the insured excluded coverage for injuries intentionally caused by CT Page 3246 the insured, the insurer owed no duty to either defend or indemnify the insured in the underlying action. Id.
In reaching its decision, the Appellate Court stated that "[m]any cases from other jurisdictions have held, under a doctrine of presumption of intent, that acts of sexual molestation of minors are so heinous that intent to cause harm is presumed as a matter of law." United Services Automobile Assn.v. Marburg, supra, 46 Conn. App. 104. However, the Appellate Court did recognize that the presumption of intent is a rebuttable presumption. Specifically, the court found that a motion for summary judgment may be defeated if the insured can demonstrate, through sufficient evidence, that a genuine issue of material fact exists with regard to the insured's state of mind.United Services Automobile Assn. v. Marburg, supra,46 Conn. App. 104, 110.
Consequently, in rendering its decision, the Appellate Court held that under the doctrine of presumed intent "[w]ithout a countervailing demonstration by the insured sufficient to rebut the presumption and to put a material fact in issue, [the insured's] acts were within the intentional act exclusion of her [insurance] policy. Summary judgment was proper." UnitedServices Automobile Assn. v. Marburg, supra, 46 Conn. App. 110.
Here, the minor's complaint in the action Higney v. Slimskey,
supra, Superior Court, Docket No. 471695, alleges in each count conduct by Slimskey constituting such a course of sexual molestation of the minor. (Pl.'s Mem. Supp., Exhibit A.) But the defendant has not offered the court sufficient evidence to rebut the presumption of intent and raise a genuine issue of material fact regarding Slimskey's state of mind. The only evidence before the court touching on this issue is the parties' "Stipulation of Facts," which states that the insured was acquitted on one count of sexual assault and one count of risk of injury to a minor, but convicted on other similar counts. (Parties) Stipulation of Facts.) The mere fact that the insured was acquitted on some counts of the information, but convicted on others, does not raise any genuine issues of material fact that would sufficiently rebut the presumption of intent with respect to the insured's state of mind.
Why the jury in Slimskey's criminal trial acquitted him on two counts of the information is within the realm of speculation. Unsubstantiated speculation with respect to the possible reasons CT Page 3247 why the jury acquitted the insured (which reasons may be entirely unrelated to the issue of the insured's mental state), will not suffice to rebut the presumption of intent.
Accordingly, with respect to the first four counts of the underlying complaint, the plaintiff Allstate is entitled to rely on the doctrine of presumption of intent in support of its motion for summary judgment. The defendant has not presented sufficient evidence to rebut such presumption or otherwise raise any genuine issue of material fact. Therefore, with respect to the first four counts of the underlying complaint, the plaintiff is entitled to summary judgment as a matter of law.
 II. Count Five
In the fifth count of the underlying complaint, the minor plaintiff does not allege that he was harmed as a result of the insured's improper sexual conduct. Rather, the minor plaintiff alleges that he was harmed as a result of the insured's negligent failure to seek sexual and psychiatric counseling.
Defendant claims this count lies outside of the parameters of the decision in Marburg. The doctrine of presumption of intent applies to claims in which the insured engaged in sexual molestation of a minor. Since the fifth count alleges that the minor plaintiff suffered injuries as a result of the insured's failure to seek counseling, defendant claims the Marburg
presumption is inapplicable.
But this court finds that the intent and reasoning of Marburg
are also applicable here. In Marburg, the Appellate Court held that acts of sexual molestation of a minor are so heinous and opprobrious that an intent to injure on the part of the actor is to be presumed as a matter of law. United Services AutomobileAssn. v. Marburg, supra, 46 Conn. App. 110. It is the act of the sexual molestation itself, apart from the circumstances which may have precipitated the act, that creates the presumption of intent.
Here, the minor plaintiff in the fifth count alleges the same course of sexual abuse as in the prior counts and then continues on to allege the insured's failed to seek sexual and psychiatric counseling, and that this latter failure caused the plaintiff to suffer harm. But when the failure to seek counseling claim is reduced to its essence, the gravamen of the claim is still that CT Page 3248 the insured molested the minor, which in turn caused the minor harm. The minor plaintiff's harm was necessarily directly caused by the insured's failure to restrain himself from sexually molesting the minor plaintiff, and not by any ancillary failure to seek counseling. The presumption of intent is equally applicable to this claim, and coverage of the claim is properly excluded in accordance with the insurance policy.
Furthermore, in other jurisdictions, courts have held in the context of a claim against the spouse of an insured molester for failure to prevent the sexual abuse that insurers are under no obligation to defend or indemnify the spouse. See Allstate Ins.Co. v. Gilbert, 852 F.2d 449, 453-54 (9th Cir. 1988) (insurance contract excludes coverage for all insureds if the injuries to the minor were caused intentionally by any one of the insureds)Allstate Ins. Co. v. Foster, 693 F. Sup. 887, 889 (D. Nev. 1988) (coverage excluded to all insureds if the harm arises out of the excluded intentional conduct of any one insured).
In those cases, the courts precluded coverage for both the claims based upon the commission of the sexual act and claims based upon the failure to prevent such act. As Slimskey is both the insured who committed the intentional acts of sexual abuse and the insured who allegedly failed to prevent such acts by not seeking psychiatric and sexual counseling, the exclusion of coverage in this action is appropriate.
The court finds the doctrine of presumption of intent to be fully applicable with respect to the fifth count of the underlying complaint. Were the court to finds otherwise, such a transparent circumvention would eviscerate the Marburg rule of presumed intent.
For the reasons discussed in part I of this decision, the defendants have not rebutted the presumption of intent with respect to this count of the underlying complaint.
 Conclusion
The plaintiff is entitled to judgment as a matter of law, and the motion for summary judgment is granted.
James T. Graham, Superior Court Judge CT Page 3249