[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANTS' MOTION TO STRIKE
The issue here is whether the complaint, alleging false imprisonment against two doctors, arising in a hospital psychiatric commitment setting, should be stricken as a result of plaintiff's failure to file a certificate of good faith (General Statutes § 52-190a)
Plaintiff filed a two count complaint against defendants Rhonda Thimineur, M.D. and Winston Reed, M.D. alleging that, on June 1, 1998, she began to hear voices. Plaintiff has bi-polar disorder. Having driven herself to Milford Hospital, she met with Dr. Thimineur who evaluated her and subsequently signed a physician's emergency certificate to involuntarily confine her. The following day, while still confined against her will, plaintiff was transferred to Yale Psychiatric Institute, pursuant to an authorization to transfer signed by Dr. Reed. Plaintiff claims she was falsely imprisoned due to Dr. Thimineur's and Dr. Reed's negligence. In response to the defendants' motion to strike the complaint, plaintiff states the complaint sounds in false CT Page 15038 imprisonment, not malpractice, and no certificate is thus required.
"The precomplaint inquiry and good faith certificate requirements for a medical malpractice action were enacted as part of tort reform legislation in 1986." LeConche v. Elligers, 215 Conn. 701, 705, 579 A.2d 1
(1990). "The purpose of the certificate is to evidence a plaintiff's good faith derived from the precomplaint inquiry. It serves as an assurance to a defendant that a plaintiff has in fact made a reasonable precomplaint inquiry giving him a good faith belief in the defendant's negligence." Id., 711. "Requiring the plaintiff to comply with the requirements of § 52-190a in such circumstances is not a useless, legal technicality. When a complaint or motion to strike is filed, the court (and often the parties) often do not yet know what the proof will be at trial. What may be claimed to be clear negligence may not be negligence at all or may be a matter as to which medical experts may genuinely differ in their opinion." Schatz v. New Haven Orthopedic Surgeons,
Superior Court, judicial district of New Haven at New Haven, Docket No. 415689 (April 8, 1999, Levin, J.) (24 Conn.L.Rptr. 393, 395)
"Several Superior Court decisions have held that actions against health care providers sounding in ordinary negligence, rather than medical malpractice, do not require good faith certificates because in straight negligence actions, there are no uniquely medical issues requiring expert testimony to establish the standard of care . . . ." (Citations omitted; internal quotation marks omitted.) Triano v. Fitzpatrick, M.D., Superior Court, judicial district of New Britain at New Britain, Docket No. 494828 (February 17, 2000, Graham, J.) (26 Conn.L.Rptr. 454, 456). The court finds that the present case does present medical issues which will almost certainly require expert testimony to establish the standard of care.
Plaintiff alleges that her false imprisonment was caused by defendants' failure to follow the requirements of General Statute § 17a-502 for commitment under emergency certificate. The statute permits a person to be confined when the physician determines that person "has psychiatric disabilities and is dangerous to himself or others or gravely disabled, and is in need of immediate care and treatment in a hospital for psychiatric disabilities . . . ." General Statutes § 17a-502 (a). The court believes that these criteria would usually require the testimony of a medical expert to establish the accepted standard used by physicians in determining to confine a person involuntarily for care.
The court therefore grants defendants' motion to strike. "[T]he failure to attach a certificate of good faith pursuant to § 52-190a subjects the case to a motion to strike the complaint but that . . . defect is curable by a timely amendment filed pursuant to Practice Book § [10-44] or Practice Book § [10-59] . . . ." (Citation omitted.) CT Page 15039Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378, 384,635 A.2d 1232, cert denied, 228 Conn. 928, 640 A.2d 115 (1994); see alsoLeConche v. Elligers, supra, 215 Conn. 701.
The Court
By Nadeau, J.