[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION FOR SUMMARY JUDGMENT
On February 20, 1998, plaintiff Amanda Zannino filed a Complaint against Safeco Insurance Company of America for their refusal to provide motorist coverage as stated in her parent's (James and Jerri Zannino's) auto insurance policy, as required by law, for an motor vehicle accident CT Page 8942 occurring on February 20, 1998. On October 23, 2000, the plaintiff filed the present motion for Summary Judgment as to Liability.
From the pleadings, and the proof submitted in connection with the motion for summary judgment the court finds the facts set out in the discussion that follows. On February 20, 1998, the plaintiff received severe, painful and permanent injuries as a result of a motor vehicle accident caused by the negligence of Eric J. Ekstrand. At the time of the automobile accident, Eric J. Ekstrand was covered by a automobile insurance policy issued to Nancy Eisler by the GEICO Insurance Company and provided for a $20,000 policy limit. An action brought by plaintiff against Eric J. Ekstrand and Eric E. Ekstrand bearing the docket number CV-00-0436476S was withdrawn after settlement. That matter settled for the full policy limits under the GEICO policy, thereby exhausting that policy. Additionally, the plaintiff gave defendant Safeco Insurance Company due notice of the exhaustion.
The parties agree that on or about February 20, 1998, the defendant, Safeco Insurance Company of America, was an insurance company duly authorized by the State of Connecticut to issue policies of auto insurance. The plaintiff further asserts, however, that her injuries and damages are fairly, justly and reasonably worth far in excess of this amount and that defendant is responsible for paying the plaintiff for damages pursuant to the underinsured motorist (UIM) provision of the insurance contract. The plaintiff argues that the defendant insured her as a relative resident of James and Jerri Zannino, her parents and the named insured persons on the policy identified by the policy number of 02-06-510467-1. This policy provided maximum underinsured motorist coverage limits in an amount of $500,000 per accident. In plaintiff's Motion for summary judgment, plaintiff submits a memorandum of law, proof of exhaustion of the coverage that the tortfeasor had at the time of the automobile accident that resulted in her sustaining severe injuries, and proof of UIM coverage causing contractual liability.
Defendant Safeco Insurance Company of America has presented a general denial as to any wrongdoing in this matter. Moreover, the defendant asserts three special defenses contending that even if the plaintiff Zannino is entitled to uninsured motorist benefits under the policy that it is entitled to a credit or set-off for any med-pay benefits, health insurance benefits, Workers' Compensation benefits, disability benefits or other collateral sources paid or payable to the plaintiff as a result of this accident.
In deciding whether to grant the Motion for Summary Judgment, the Court must follow Rule 17-49 of the Connecticut Practice Book which states that [t]he judgment shall be rendered forthwith if the pleadings, affidavits CT Page 8943 and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The Appellate Court has reviewed the standards applied to each party and the Trial Court in responding to a Motion for Summary Judgment.
 Although the burden of showing the nonexistence of any material fact is on the party seeking summary judgment. "the party opposing[summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . ." (Internal quotation marks omitted.) Danziger v. Shaknaitis, supra; Nardi v. AA Electronic Security Engineering, Inc., 32 Conn. App. 205, 209, 628 A.2d 991
(1993); Cortes v. Cotton, 31 Conn. App. 569, 572-73, 626 A.2d 1306
(1993). In deciding motions for summary judgment, the trial court is obligated to construe, the evidence in the light most favorable to the nonmoving party. Scrapchansky v. Plainfield, supra; Nardi v. AA Electronic Security Engineering, Inc., supra. The test to be applied is whether a party would be entitled to a directed verdict on the same facts. Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378, 383 (1994).
 The issue at bar is whether plaintiff is entitled to receive underinsured benefits under her parent's Safeco Insurance policy (providing for a $500,000 limit) after exhausting the maximum limits under the tortfeasor Ekland's policy (which only provided for $20,000 maximum coverage).
 The regulations adopted pursuant to Connecticut General Statutes § 38a-336 (b) provide that: insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured and underinsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage. Harbor Insurance Company. v. Connecticut Insurance Guaranty Association, D.Conn., 711 F. Sup. 73.
Underinsured-motorist coverage is defined as `[I]nsurance that pays for losses caused by a driver who negligently damages the insured but does not have enough liability insurance to cover the damages.' Black's LawDictionary, 7th Ed. (1999). The case on point is a similar Connecticut case where the plaintiff was a passenger in a car that was negligently CT Page 8944 struck from behind. Covenant Ins. Co. v. Coon, (1991) 594 A.2d 977,220 Conn. 30. The Connecticut Supreme Court found in Covenant that the application of § 38a-336 involves a two step process: (1) determination whether the tortfeasor's vehicle was an underinsured vehicle within the meaning of the statute, and if so then (2) a calculation of damages by the finder of fact.
 In Covenant, the Court reviewed the fundamental prerequisite to a determination of whether a vehicle is underinsured.
 "Underinsured vehicle" is defined in § 38a-336 (d) as a motorvehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made . . . Thus, § 38a-336 requires that, in determining whether a motor vehicle is "underinsured" the total of all liability insurance coverage available to an individual claimant must be compared to the amount of underinsured motorist coverage in each of the policies against which the victim has a claim. If the total of the liability insurance is less than the uninsured motorist limits of the individual's policy, then the uninsured motorist coverage becomes applicable.
 Id. at 34.
Clearly, the amount of underinsured motorist coverage available under the plaintiffs policy, which exceeded the liability of the tortfeasor's policy, would form the upper limit of the plaintiffs recovery under the uninsured motorist statute. Therefore, the plaintiff can recover under her parent's underinsured motorist policy minus the amount already paid to her under the tortfeasor's liability policy.
For the foregoing reasons, plaintiffs Motion for Summary Judgment as to Liability is granted.
 ________________________ CLARANCE J. JONES, JUDGE