[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
This motion for summary judgment in an action for negligent infliction of emotional distress raises the issue of whether or not, as to certain counts, it is time-barred by the applicable statue of limitations. For the reasons set forth in detail below, the court holds that the action is not time-barred and therefore denies the motion.
A. Facts
This action is in three counts, the last one against the defendants Penny Bisonnette, an employee of Building Block Daycare, LLC, and the day care center. The claims in that count arise from statements made by Ms. Bisonnette that the plaintiffs were physically abusing their two young CT Page 2565 sons who were cared for at the center. The statements, made on March 26, 1997, were made by the defendant Bisonnette to a public health nurse, employee by the Town of Plymouth. Subsequently, pursuant to action by the Department of Children and Families, the two children were removed from the plaintiffs' care and criminal prosecution begun, based on these statements, pursuant to which a warrant was sought on May 21, 1997. The criminal actions against the Plaintiffs for risk of injury were ultimately dismissed.
On March 27, 2000, the plaintiffs filed a complaint sounding in intentional infliction of emotional distress against Bisonnette and the day care center based on alleged harm resulting from the defendant's statements made on or about March 26, 1997 and used by the police in seeking the arrest warrant. On October 9, 2001, the defendants Bisonnette and Building Block Daycare moved for summary judgment on the ground that the plaintiffs' action is barred by the statute of limitations, Connecticut General Statutes § 52-597, as raised in their special defenses to the relevant counts. The statute requires that actions for intentional infliction of emotional distress be brought within three years of the date of the alleged wrongful act. The defendants maintain that there is no genuine issue of material fact in this case. This is so, they claim, because the conversation between Ms. Bisonnette and the public health nurse took place on March 26, 1997, the complaint was signed on March 27, 2000 and not served upon the defendants until March 29, 2000, after the expiration of the three year statutory period for commencing such an action. The defendants provide in support of the motion Ms. Bisonnette's own sworn affidavit concerning the date of her report to the public health nurse, which is the date stated in the complaint and the record of the case.[1]
The plaintiffs argue that certain statements made by the defendant Bisonnette were made on or about March 26, 1997 and points to a sworn Department of Children and Families affidavit in connection with its investigation. This affidavit reports statements of suspected child abuse by Bisonnette to DCF made by her on March 31, 1997, in the course of this investigation. Because the date of services is less than three full years after March 31, 1997, they claim that there are therefore material and genuine issues of fact, which cannot be resolved through a summary judgment motion as a matter of law. Such issues, they argue, must be heard and determined by the trier of fact.
B. Summary Judgment
Practice Book § 17-49 provides that summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is CT Page 2566 entitled to judgment as a matter of law. "[Summary judgment] is appropriate only if a fair and reasonable person could conclude only one way. . . . [A] summary disposition. . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorableto the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (citations omitted; emphasis in original.) Miller v. United Technologies Corp.,233 Conn. 732, 751, 752, 660 A.2d 810 (1995). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal citations omitted.) Pion v. SouthernNew England Telephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). "In deciding motions for summary judgment, the trial court is obligated to construe the evidence in the light most favorable to the nonmoving party." Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378,383, 635 A.2d 1232, cert. denied, 228 Conn. 928, 640 A.2d 115 (1994). In addition, summary judgment may be granted where an action is barred by the statute of limitations. Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1995).
C. Effect of General Statutes § 52-597
Failure to bring suit within the period of limitations set forth in statute bars any prosecution of the action. Gabrielle v. Hospital of St.Raphael, 33 Conn. App. 378, 384, cert. denied, 228 Conn. 928 (1994). In Connecticut, an action is brought once the writ, summons and complaint have been served upon a defendant. See General Statutes § 52-45a; Practice Book § 49. Rana v. Ritacco, 236 Conn. 330, 337 (1996); see also Hillman v. Greenwich, 217 Conn. 520, 527 (1991). The applicable statute for intentional infliction of emotional distress is three years "from the date the action or omission complained of."
D. Discussion
The record and the evidence reveal that the alleged acts upon which the plaintiffs' complaint is premised occurred on March 26, 1997 and on March 31, 1997, as shown by two opposing affidavits. The sheriffs return indicates that the defendants were served on March 29, 2000, which is the date the present action was commenced. That date is a scant two days before expiration of the statutory period ending on March 31, 2000. While it is the case that the plaintiffs' amended complaint of November 5.2000 speaks of the statements occurring on or about March 26, 1997, there is CT Page 2567 adequate evidence in support of the plaintiffs' contention that they also occurred on March 31, 1997. Accordingly, the motion for summary judgment as to count three is denied as there are material issues in dispute between the parties, which cannot be resolved by a motion for summary judgment.
BY THE COURT
 ___________________ Barbara M. Quinn Judge