[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendant's motion for summary judgment. The pertinent facts are as follows. The plaintiff Edward Orr's complaint alleges that on October 25, 1995, while in the course of his employment with Byk Chemie USA Division (hereinafter "Byk Chemie"), he was involved in an automobile accident. As a result of this accident, the plaintiff filed a workers' compensation claim against Byk Chemie. At that time, Byk Chemie provided workers' compensation insurance to its employees through the defendant Hartford Accident Indemnity Company.
The defendant accepted the plaintiff's workers' compensation claim and, pursuant to its contract of insurance with Byk Chemie, agreed to provide the plaintiff with benefits pursuant to the CT Page 9299 Workers' Compensation Act ("the Act"). The plaintiff alleges that despite the defendant's contractual duties, the defendant intentionally denied the plaintiff benefits. Specifically, the plaintiff claims that the defendant intentionally refused the plaintiff necessary and required treatments, refused to allow the plaintiff to change physicians, and also intentionally delayed payment of the plaintiff's medical bills.
As a result of the defendant's alleged conduct, on August 22, 1997, the plaintiff commenced this action. The plaintiff's complaint contains five counts asserting various causes of actions: (1) bad faith; (2) breach of contract; (3) intentional infliction of emotional distress; (4) violations of the Connecticut Unfair Trade Practices Act; and (5) violations of the Connecticut Unfair Insurance Practices Act.
The defendant is moving for summary judgment on all counts, claiming that: the case is barred due to the exclusivity provision of the Workers' Compensation Act; and the plaintiff has failed to exhaust his administrative remedies, thus denying the court of subject matter jurisdiction. The defendant also seeks judgment on Counts One, (bad faith), Two (breach of contract) and Three (intentional infliction of emotional distress), contending that these counts are legally insufficient.
ISSUES IN DISPUTE
The issues in dispute for this court to decide are: whether the Workers' Compensation Exclusivity Clause is a bar to the present action; whether the court has subject matter jurisdiction; whether the first and second counts are legally insufficient due to the failure of the plaintiff to allege that he was a party to the insurance contract; and whether the third count states a legally sufficient cause of action.[1]
For reasons more fully set forth below, this court finds that the present case is not barred by the Workers' Compensation clause; this court has subject matter jurisdiction over the instant matter; and the first and second counts are legally sufficient, but the third count is not.
LEGAL DISCUSSION
SUMMARY JUDGEMENT CT Page 9300
"Practice Book § [17-49] provides that rendition of a summary judgment is appropriate if the pleadings, affidavits and any other I proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Millerv. United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810
(1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). The genuine issue aspect of summary judgment procedure requires that, prior to trial, the parties provide the court with evidentiary facts, or substantial evidence outside of the pleadings from which the material facts alleged in the pleadings can be inferred. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578-79, 573 A.2d 699 (1990);United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,378-79, 260 A.2d 596 (1969). "In deciding motions for summary judgment, the trial court is obliged to construe the evidence in the light most favorable to the nonmoving party. . . . The test to be applied would be whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal quotation marks omitted.) Gabrielle v. Hospital of St. Raphael,33 Conn. App. 378, 382-83, 635 A.2d 1232, cert. denied,228 Conn. 928, 640 A.2d 115 (1994). "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion. . . ." Ciarelli v.Romeo, 46 Conn. App. 277, 282, 699 A.2d 217, cert. denied,243 Conn. 929, 701 A.2d 651 (1997); see also Mullen v. Horton,46 Conn. App. 759, 763, 700 A.2d 1377 (1997) (directed verdict rendered only where, on the evidence viewed in light most favorable to nonmovant, trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed).
GENERAL STATUTES § 31-284 (a)
The defendant argues that it is entitled to summary judgment because all of the plaintiff's claims are subject to the exclusivity provision of the Workers' Compensation Act pursuant to General Statutes § 31-284 (a). This, the defendant contends, denies the court of subject matter jurisdiction and mandates the granting of the motion for summary judgment.
The plaintiff argues in opposition that General Statutes §31-284 (a) is not a bar to actions against compensation carriers CT Page 9301 who intentionally act in bad faith when handling compensation I claims. Thus, because the plaintiff's complaint alleges that the defendant acted intentionally and in bad faith, the plaintiff asserts that the exclusivity provision of the Act is inapplicable.
General Statutes § 31-284 (a) provides in relevant part:
 An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter . . . All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees . . . arising out of personal injury and death sustained in the course of employment are abolished other than rights and claims given by this chapter. . . .
Presently, there is no appellate authority in Connecticut as to whether this section of the General Statutes bars common law causes of action against workers' compensation carriers for consequential damages arising out of a failure or delay in the payment of workers' compensation benefits. There is, however, a split of authority on this precise issue within the Superior Court. Compare Brosnan v. Sacred Heart University, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 333544 (October 21, 1997, Levin, J.) (exclusivity provision bars common law claims for consequential damages), with Picerno v.Alexsis, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 535383 (February 17, 1998, Wagner, J.T.R.) (exclusivity provision not bar to intentional misconduct claim)
After careful review of the various Superior Court decisions that have addressed this issue, this court finds persuasive those decisions that are in the majority. The majority of Superior Court decisions on this issue hold that the exclusivity provision of the Act does not bar common law claims against workers' compensation carriers provided that the claims allege some intentional tortious misconduct on the part of the carrier. See CT Page 9302Moran v. Travelers Property Casualty, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 350319 (October 23, 1998, Stodolink, J.); Picerno v. Alexsis, supra; Rotz v.Middlesex Mutual Insurance, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307488 (January 27, 1995, Hauser, J.); Paul Us v. ITT Hartford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318814 (June 14, 1995, Maiocco, J.); Viviani v. Powell, Superior Court, judicial district of New Haven at New Haven, Docket No. 384941 (July 15, 1996, Freedman, J.).
"[T]he exclusivity provision of [the Workers' Compensation Act] is limited to matters surrounding injuries which arise out of and in the course of the claimant's employment and does not, by its express terms, extend to subsequent dealings between the claimant and the workers' compensation carrier." Rotz v.Middlesex Mutual Insurance, supra; Bariko v. Travelers InsuranceCo., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 291652 (February 1, 1993, Ballen, J.). "[T]he Act should not be an impervious barrier, insulating a wrongdoer from the payment of just and fair damages for intentional tortious acts only very tenuously related to workplace accidents." Carpentino v. Transport Insurance Co.,609 F. Sup. 556, 562 (D. Conn. 1985).
The plaintiff is neither an employee of the defendant, nor does he base his claims on injuries that arose out of or in the course of his employment. Moreover, the plaintiff has asserted in every count of his complaint that the defendant intentionally and in bad faith caused him injuries. Accordingly, the exclusivity provision of the Workers' Compensation Act does not bar the plaintiff's claims, and the defendant's motion for summary judgment based upon General Statutes § 31-284 (a) is denied.
EXHAUSTION OF ADMINISTRATIVE REMEDIES
Next, the defendant argues that it is entitled to summary judgment because the plaintiff has failed to exhaust his administrative remedies under the Act, thus, denying the court of subject matter jurisdiction.
The plaintiff argues in opposition that the exhaustion requirements of the Act are inapplicable because the Act was not intended to compensate plaintiffs for consequential damages arising from an insurer's intentional misconduct. CT Page 9303
As with the exclusivity provision issue discussed above, there is no appellate authority as to whether a plaintiff must exhaust his administrative remedies under the Act before pursuing his claims for consequential damages caused by an insurer's intentional misconduct. Generally, "if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Concerned Citizens of Sterling v.Sterling, 204 Conn. 551, 556, 529 A.2d 666 (1987)
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Doe v. Roe, 246 Conn. 652, 661, 717 A.2d 706 (1998) "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.)Dowling v. Slotnik, 244 Conn. 781, 787, 712 A.2d 396 (1998) "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.)Figueroa v. C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845
(1996).
"Where an administrative remedy is inadequate or futile . . . the exhaustion doctrine does not apply, and the court may hear the matter." Rotz v. Middlesex Mutual Insurance, supra, (plaintiff claiming consequential damages caused by insurer's intentional act not required to exhaust administrative remedies);Moran v. Travelers Property Casualty, supra, (same); Massa v.American Mutual Insurance Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 308820 (July 1, 1985, Hauser, J.) (same). "[T]he applicable provisions of the [Act] were not designed to compensate a claimant for consequential damages allegedly caused by an insurer's intentional misconduct. . . ." Rotz v. Middlesex MutualInsurance, supra, Superior Court, Docket No. 307488.
In light of the foregoing case law, this court finds that since the remedies provided for under the Act would be inadequate to compensate the plaintiff for the injuries he claims to have sustained, exhaustion of those remedies is not required. Consequently, the defendant's motion for summary judgment on the ground of exhaustion is denied. CT Page 9304
BAD FAITH BREACH OF CONTRACT
The defendant claims to be entitled to summary judgment as a matter of law with respect to the first (bad faith) and the second (breach of contract) counts of the plaintiff's complaint on the ground that the plaintiff has failed to allege that he was a party to the insurance contract which gives rise to his claims. As such, the defendant argues that counts one and two of the complaint do not state viable causes of action for bad faith and breach of contract.[2]
The plaintiff argues in opposition that the first and second counts of the complaint state legally cognizable causes of action. Specifically, the plaintiff points out that he has alleged that he was a third party beneficiary to the insurance contract between Byk Chemie and the defendant, rendering the counts legally sufficient.
It is true that the plaintiff's complaint does not claim that he was a party to the contract between Byk Chemie and the defendant. That is not dispositive of this issue, however. Even though the plaintiff was not a direct party to the contract, he may still maintain his causes of action, provided that he was an intended third party beneficiary of the contract. "A third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract. . . . Therefore, a third party beneficiary who is not a named obligee in a given contract may sue the obligor for breach." (Citation omitted; internal quotation marks omitted.) Gateway Co. v. DiNoia,232 Conn. 223, 231, 654 A.2d 342 (1995).
The first and second counts of the plaintiff's complaint state that the plaintiff was an employee of Byk Chemie. (Pl.'s Cmplt ¶ 4.) The plaintiff also claims that Byk Chemie provided workers' compensation coverage to its employees through a contract of insurance with the defendant. (Pl.'s Cmplt ¶¶ 4, 5.) Moreover, the plaintiff has pled that he filed a workers' compensation claim with Byk Chemie, (Pl.'s Cmplt ¶ 4.) and, that pursuant to the contract of insurance between Byk Chemie and Hartford Accident Indemnity Company, the defendant accepted the plaintiff's claim and agreed to provide him benefits. (Pl.'s Cmplt ¶ 5.)
Although it is not specifically alleged in the complaint that CT Page 9305 the plaintiff was a third party beneficiary of the insurance contract, when the complaint's allegations are construed in their most favorable light, this court concludes that the plaintiff has adequately asserted third party beneficiary status under the contract. Therefore, the bad faith and breach of contract claims of the complaint are legally sufficient, and the defendant's motion for summary judgment is denied.
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Finally, the defendant argues that the third count of the plaintiff's complaint, which alleges intentional infliction of emotional distress, fails to assert the requisite intent necessary for that cause of action.[3] Thus, the defendant argues, the third count is legally insufficient and the defendant is entitled to judgment as a matter of law.
The plaintiff argues in opposition to the defendant's motion that the third count of the complaint as pled is legally sufficient, and therefore the motion for summary judgment must be denied.
For the plaintiff to maintain an action for intentional infliction of emotional distress against the defendant, "four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . ." DeLaurentis v. New Haven,220 Conn. 225, 266-67, 597 A.2d 807 (1991)
"Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) Delaurentis v. New Haven, supra,220 Conn. 267. "It is the intent to cause injury that is the gravamen of the tort. . . ." (Internal quotation marks omitted.) Id.
The third count of the plaintiff's complaint alleges that the defendant intentionally denied the plaintiff benefits, and as a result, the plaintiff suffered extreme emotional distress. The plaintiff's complaint does not, however, claim that the defendant CT Page 9306 denied the plaintiff compensation benefits with the specific intent to cause the plaintiff extreme and emotional injuries. Although the difference between these two allegations is subtle, the legal ramifications of the distinction is significant. While the latter of the two allegations would sufficiently allege the intent necessary for the maintenance of the cause of action, the former does not.
"The word `intent' . . . denote[s] that the actor desires to cause [the] consequence of this act, or that he believes that the consequences are substantially certain to follow from it. . . . Thus, the concept of `intent' in relation to tortious conduct has reference to the consequences of the act rather than to the act itself." (Citation omitted; internal quotation marks omitted.)Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, 667,613 A.2d 838 (1992)
Only an allegation specifically stating that the denial of the benefits was done with the intent and purpose of causing the denied party extreme emotional distress would be legally sufficient. Plaintiff's claim that a conscious decision was made to deny the individual compensation benefits fails to state that the decision was made for the purpose, and with the intention of, causing the denied party extreme emotional injuries. The factual allegations of the third count of the plaintiff's complaint fail to provide factual assertions of the requisite intent. Consequently, the third count is legally insufficient and the defendant is entitled to summary judgment on that count as a matter of law.
CONCLUSION
For the foregoing reasons, the defendant's motion for summary judgment with respect to the entire complaint on the grounds of exclusivity of remedy and exhaustion is denied. Also, the defendant's motion for summary judgment with regard to the plaintiff's bad faith and breach of contract claims on the ground of legally insufficiency is denied. The defendant's motion for summary judgment as to the first and second count is denied. The defendant's motion for summary judgment as to the third count of the complaint is granted, however, because the plaintiff's claim is legally insufficient, and therefore the defendant is entitled to judgment as a matter of law.
ANGELA CAROL ROBINSON CT Page 9307 JUDGE SUPERIOR COURT