[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action arises out of personal injuries sustained on August 4, 1997 by an employee of Jolicouer Sheet Rock while on a job site in Somers, New York at the Anglebrook Country Club, known as the Anglebrook Clubhouse construction project. The plaintiff fell while doing sheet rock work, when a plank he was standing on broke. The plank not only was defective because it had a big knot in the wood, but was also suspended between a ladder and a sill, an unsafe scaffolding arrangement. Kaar Construction, the first named defendant, was hired by the general contractor, Hobbs, Inc. to perform safety and loss control services on the construction projection.
On December 27, 2001, Kaar Construction filed a motion for summary judgment, raising two issues: (1) that it does not owe a duty to the plaintiff, Thomas Doyle and; (2) that it was not in control of the premises and did not supervise, direct or otherwise deal with the plaintiff. The motion is opposed by Bert Jolicouer d/b/a Jolicouer Sheetrock. who is an intervening third-party apportionment plaintiff, as the business paid the plaintiff Thomas Doyle worker's compensation benefits for his injuries. For the reasons set forth in detail below, the court concludes that the defendant Kaar Construction does owe the plaintiff a duty and that there are genuine and material issues of fact in dispute which require resolution by the trier of fact. For those reasons, the court denies the motion for summary judgment. CT Page 1607
 I LEGAL DISCUSSION A. Summary Judgment
Practice Book § 17-49 provides that summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. "[Summary judgment] is appropriate only if a fair and reasonable person could conclude only one way. . . . [A] summary disposition. . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorableto the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (citations omitted; emphasis in original.) Miller v. United Technologies Corp.,233 Conn. 732, 751, 752, 660 A.2d 810 (1995). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal citations omitted.) Pion v. SouthernNew England Telephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). "In deciding motions for summary judgment, the trial court is obligated to construe the evidence in the light most favorable to the nonmoving party." Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378,383, 635 A.2d 1232, cert. denied, 228 Conn. 928, 640 A.2d 115 (1994).
 B. The Existence of a Legal Duty
The major thrust of Kaar Construction's argument is that it owned no duty to an employee of a subcontractor, such as Thomas Doyle, and that therefore it cannot be found to negligent. Specifically in that regard, it relies on its contract with the general contractor, Hobbs, Inc., and the affidavits of Marko Kaar and Mark O'Connell, its employee who inspected the work site on July 29, 1997 and again on August 12, 1997.
The breach of a duty owned by one person to another is an essential element of any negligence action. "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Burns v. Board of Education, 228 Conn. 640, 646,638 A.2d 1 (1994). And whether such a duty exists at all is, in the first CT Page 1608 instance, a question of law. Jaworksi v. Kiernan, 241 Conn. 399, 404,696 A.2d 332 (1997). "Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Petriello v. Kalman, 215 Conn. 377,383-383, 576 A.2d 474 (1990).
Additional facts drawn from the contract between Kaar Construction and Hobbs, Inc. and the affidavits are required for resolution of this issue. Pursuant to its contract with the general contractor on the Anglebrook Clubhouse project, Kaar Construction was to provide "safety and loss control training and consulting services."[1] Pursuant to the contract, Kaar Construction was to provide bi-weekly safety inspections as well as safety meetings and presentation and was empowered to issue notice of OSHA violations, if any. It prepared reports of its inspection after each visit, which detailed the subcontractors on site and the status of all matters inspected. Attached to both the Marco Kaar and the Mark O'Connell affidavits are the two safety inspection reports in question.
A careful review of those reports shows that the drywall subcontractor, Jolicouer Sheetrock, was noted by Kaar Construction to have been on site at each of the two inspections made in the relevant time frame. Section 8 of each report concerns scaffolding and lists as subcategories the following:
"All scaffolding inspected daily?
Erected on sound rigid footing?
Tied to structure as required?
Guardrails, intermediate rails, toeboards and screens in place?
Planing is sound and sturdy?
Proper access is provided?
Employees below protected from falling objects?"
On the days that Kaar Construction was present, therefore, it had a duty to employees such as Thomas Doyle to insure that safe scaffolding was provided for their work. The court finds that such a duty is established as a matter of law by the contract. See Burns v. Board ofEducation, supra 226 Conn. 640, 646.
Notably, on July 29, 1997, Kaar Construction did not complete the first CT Page 1609 question at all. From the report, it appears Mark O'Connell did not check with the subcontractors to make sure that all scaffolding was inspected daily. On the next three questions, he noted that they needed improvement noting some items missing on certain sections with regard to the question of "sound rigid footing."[2] The next question with regard to the scaffolding being tied to the structure also notes "needs improvement" and notes that it will be dismantled on that day. The following question about guardrails also notes that it needs improvement without any handwritten comment in the report form. On the August 12, 1997 report, the first question under the heading "scaffolding" is marked "needs improvement." Three other questions are not answered on the form at all. They are "tied to the structure as required, guardrails, etc. in place, proper access required."
While it is apparent, as Kaar Construction argues, that it had no obligation to inspect the work site daily and to directly insure the safety of construction workers there, the court finds that it had an obligation to make sure that the subcontractors were inspecting the scaffolding daily, which it did not complete on the last inspection prior to the accident in which Thomas Doyle was injured. In addition, two weeks later after the incident, the inspector noted that such daily inspection needed improvement, raising the implication that it was not being done daily during the two-week period that the plaintiff had been injured. Interpreting the facts from the defendant's own affidavit in the light most favorable to the plaintiff, the court finds that the contract and the inspection reports do give rise to a duty on the part of Kaar Construction. Whether there was a failure to complete this duty on July 29, 1997 and whether this failure was a proximate cause of the injuries the plaintiff sustained are material facts in dispute concerning the negligence claim in this construction case.
Because of the court's finding that Kaar Construction, under the facts of this case, owed a duty to the plaintiff, the court need not reach the issue of whether or not it had control of the premises on the date in question. For all the foregoing reasons, the court denies the motion for summary judgment.
BY THE COURT
BARBARA M QUINN, Judge